CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: cmay@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant,
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| PATRICIA BECK, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.:<br>(*Riverside County Superior Court Case No.: CVRI2100827*)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT, DOLLAR TREE STORES, INC.**<br><br>Complaint Filed:  February 16, 2021 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant DOLLAR TREE STORES, INC., contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Riverside, to the United States District Court, Central District of California – Eastern Division.  The removal is based, specifically, on the following grounds:

**JURISDICTION AND VENUE ARE PROPER**

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant under 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds

1  $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332,
2  1441(a), and 1146(b).

3      2.    Venue is proper in this Court under 28 U.S.C. §§ 84(b), 1391 and 1446.

4  **PLEADINGS, PROCESS AND ORDERS**

5      3.    On February 16, 2021, Plaintiff PATRICIA BECK commenced the
6  above-entitled civil action in the Superior Court for the County of Riverside by filing
7  a Complaint entitled *Patricia Beck v. Dollar Tree Stores, Inc., et al.,* Case No.
8  CVRI2100827.  True and correct copies of the Summons, Complaint, Civil Case
9  Cover Sheet, Notice of Case Management Conference, Notice of Department
10 Assignment, and Certificate of Counsel which were filed in this matter are attached
11 and incorporated by reference collectively as **Exhibit "A."**

12     4.    On March 3, 2021, the Summons, Complaint and associated documents
13 comprising **Exhibit "A"** were personally served on DOLLAR TREE STORES, INC.,
14 through its agent for service of process.

15     5.    On March 10, 2021, DOLLAR TREE STORES, INC., filed its Answer
16 to Complaint and Demand for Jury Trial.  A true and correct copy of DOLLAR TREE
17 STORES, INC's Answer to Complaint and Demand for Jury Trial are collectively
18 attached and incorporated by reference as **Exhibit "B."**

19     6.    The attached exhibits constitute all process, pleadings and orders served
20 upon Defendant in this matter.

21 **DIVERSITY**

22     **A.**    **Citizenship**

23     8.    This is a civil action over which this Court has original jurisdiction under
24 28 U.S.C. § 1332, in that it is a civil action wherein the amount in controversy exceeds
25 the sum of $75,000.00, exclusive of interest and costs.  This action is one that may be
26 removed to this Court by Defendant under 28 U.S.C. section 1441(b), as the action is
27 between citizens of different states.
28 ///

*Sidebar:* THARPE & HOWELL, LLP / 15250 Ventura Boulevard, Ninth Floor / Sherman Oaks, California 91403-3221

9. Plaintiff was, at the time of the filing of this action, and presently remains domiciled in the State of California and is a citizen of the State of California.

10. Defendant DOLLAR TREE STORES, INC., is a corporation. For diversity purposes, a corporation is deemed to be a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated in the State of Virginia, with its principal place of business in State of Virginia. Accordingly, Defendant is a citizen of the State of Virginia.

11. Complete diversity of citizenship exists as between Plaintiff PATRICIA BECK and Defendant DOLLAR TREE STORES, INC.

### B. Fictitious Does

12. Defendants DOES 1 through 50, are wholly fictitious. The Complaint does not set forth the identity, citizenship, or status of any of said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

13. Plaintiff's Complaint sets forth causes of action for premises liability and general negligence. *See*, **Exhibit "A."** Plaintiff alleges that on June 19, 2021, while shopping at defendant's retail store, she tripped and fell on hand-held baskets in the cashier check-out aisle causing her to suffer personal injuries. Although Plaintiff was prohibited from stating a specific amount demanded in his Complaint, Defendant has been able to ascertain through the Complaint and "other paper" that the amount in controversy exceeds $75,000.00.[1]

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of

- 3 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT, DOLLAR TREE STORES, INC.**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

14. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also, Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

15. A defendant must merely set forth the underlying facts supporting an inference that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

16. On March 3, 2021, Plaintiff served Defendant with a Statement of Damages under California *Code of Civil Procedure* § 452.11. The Statement of Damages establishes that the amount in controversy in this litigation exceeds the $75,000 statutory minimum. A true and correct copy of Plaintiff's Statement of

---

damages sought in the complaint. *See, Cal. Code Civ. Proc.* § 425.10.

- 4 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT, DOLLAR TREE STORES, INC.**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

Damages is attached hereto as **Exhibit "C."**

17. Plaintiff's Statement of Damages states that she is seeking at least $270,000 in past and future medical expenses, among other damages claimed. *Ibid*. Thus, the amount in controversy exceeds the $75,000 statutory minimum and federal jurisdiction is proper.

18. 28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. A statement of damages under California Code of Civil Procedure section 425.11, is a written statement setting forth the nature and amount of damages being sought, and constitutes "other paper" under section 1446(b)(3). See *Hanson v. Equilon Enterprises LLC* (N.D.Cal. 2014) 2014 U.S. Dist. LEXIS 110795, *9 (finding statement of damages served on defendant by plaintiff constituted "other paper").

19. The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 <u>or</u> (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

20. Plaintiff's Statement of Damages constitutes "other paper" and satisfies the amount in controversy requirement. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

21. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant of Plaintiff's Statement of Damages on

March 3, 2021, which first indicated that the amount in controversy exceeds $75,000 and the matter is removable. 28 U.S.C. § 1446(b)(3).

22. Further, the instant removal is brought within one year of the commencement of the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiff filed his Complaint on February 16, 2021.

23. For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and removal is proper at this time.

Dated: March 23, 2021

THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
ANDREA BREUER
Attorneys for Defendant,
DOLLAR TREE STORES, INC.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT, DOLLAR TREE STORES, INC.**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT, DOLLAR TREE STORES, INC.**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Sam Ryan Heidari, Esq.<br>Thomas J. Miletic, Esq.<br>HEIDARI LAW GROUP, PC<br>3530 Wilshire Blvd., Suite 710<br>Los Angeles, CA 90010<br>Tel: 213-884-4881<br>Fax: 213-884-4588<br>Email: Sam@Heidarilawgroup.com<br>Email: Thomas@heidarilawgroup.com<br>Eservice@Heidarilawgroup.com | Attorneys for Plaintiff, PATRICIA BECK |

5. a.  **X**   **ONLY BY ELECTRONIC TRANSMISSION.** Only by e-mailing the document(s) to the persons at the e-mail address(es) listed during the Coronavirus (Covid-19) pandemic and pursuant to Fed.R.Civ.P.Rule 5., this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mails. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 3/23/2021 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32025\Pleadings\FEDERAL\Notice of Removal.docx

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT, DOLLAR TREE STORES, INC.**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221